UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

__Zan Sun and Qing Ling Cheng__

(*List the name(s) of the plaintiff(s)/petitioner(s).*)

__25__ Civ. __01385__ ( __JGLC__ ) (_____)

- against -

**AFFIRMATION OF SERVICE**

__Shen Yun Performing Arts, Inc. et al.__

(*List the name(s) of the defendant(s)/respondent(s).*)

I, (*print your name*) __Matthew F. Paluch__, declare under penalty of perjury that I served a copy of the attached (*list the names of the documents you served*): _____

NOTICE OF INITIAL PRETRIAL CONFERENCE and INDIVIDUAL RULES AND PRACTICES

IN CIVIL CASES for Jessica G. L. Clarke, United States District Judge

upon all other parties in this case by (*state how you served the documents, for example, hand delivery, mail, overnight express*) __email_____ to the following persons (*list the names and addresses of the people you served*): __Steven Schneebaum at sms@smslawdc.com__

on (*date you served the document(s)*) __05/08/2025__.

__05/08/2035__
Dated

s/ Matthew F. Paluch
Signature

641 Lexington Avenue, 13th Floor
Address

New York, NY
City, State

10022
Zip

(347) 378-7884
Telephone Number

mpaluch@mcolaw.com
E-Mail Address

*Rev. 01/2013*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAN SUN and QING LING CHENG,<br><br>        Plaintiffs,<br><br>    -against-<br><br>SHEN YUN PERFORMING ARTS, INC., FEI TIAN COLLEGE, FEI TIAN ACADEMY OF THE ARTS, DRAGON SPRINGS BUDDHIST INC., HONGZHI LI, and RUI LEE,<br><br>        Defendants. | 25-CV-3185 (JGLC)<br><br>**NOTICE OF INITIAL<br>PRETRIAL CONFERENCE** |

JESSICA G. L. CLARKE, United States District Judge:

  Unless and until the Court orders otherwise, counsel for all parties shall appear for an initial pretrial conference with the Court on **July 30, 2025** at **12:30 pm** The conference will be held remotely by Microsoft Teams. Counsel will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 | Access Code: 311267240#.

  All counsel must familiarize themselves with the Court's Individual Rules and Practices, which are available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke. All parties are required to register promptly as filing users on ECF.

  Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with Paragraph 3(c) of the Court's Individual Rules and Practices, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **July 23, 2025**. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-jessica-g-l-clarke.

  The joint letter shall not exceed five pages, and shall provide the following information in separate paragraphs:

(1) A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear;

(2) A brief statement of the nature of the action and the principal defenses thereto, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;

(3) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000). If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;

(4) A statement of all existing deadlines, due dates and/or cut-off dates;

(5) A brief description of any outstanding motions;

(6) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(7) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such a letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* https://www.nysd.uscourts.gov/electronic-case-filing.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) to the extent applicable, the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

**Counsel who have entered a notice of appearance as of the issuance of this order are directed (1) to notify counsel for all other parties in this action who have not yet appeared by serving upon each of them a copy of this order and the Court's Individual Rules and Practices forthwith, and (2) to file proof of such notice with the Court.** If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules and Practices to that party personally.

Dated: May 7, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3

APRIL 2025

### INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES
### Jessica G. L. Clarke, United States District Judge

**Chambers**
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 10007
ClarkeNYSDChambers@nysd.uscourts.gov

**Courtroom**
500 Pearl Street, Courtroom 11B

**Courtroom Deputy**
Sophia Tran

**Unless otherwise ordered by the Court, these Individual Rules apply to all civil matters before Judge Clarke.**

1. **Guidelines for All Submissions**

   a. **Electronic Case Filing ("ECF").** In accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, except as otherwise expressly provided, all documents filed with the Court must be filed electronically.

   b. **Text-Searchable Submissions.** All written submissions and supporting materials must be text-searchable to the extent practicable.

   c. **Submission of Large Electronic Files.** The Court has a file transfer protocol for the safe electronic transmission of large files. If a party needs to submit large files by email (as opposed to ECF), the party should email the Court (at ClarkeNYSDChambers@nysd.uscourts.gov) requesting a link to be used for such transfer. The email should include the name and docket number of the case as well as the nature and size of the materials to be submitted electronically. The Government may use USAfx.

   d. **No Courtesy Copies.** Unless the Court orders otherwise, parties should not submit courtesy copies of any submissions.

   e. **Amended or Corrected Filings.** Any amended or corrected filing, including amendments as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), shall be filed with a redline showing all differences between the original and revised filing. Any motion to amend a pleading shall similarly be filed with a redline showing all differences between the operative pleading and the proposed amended pleading.

2. **Communications with Chambers**

   a. **Letters and Letter-Motions.** Except as otherwise provided below, communications with Chambers shall be by letter filed on ECF. Letters seeking

1

relief (if consistent with Local Civil Rule 7.1) should be filed as letter-motions on ECF, not ordinary letters. Any opposition shall be filed on ECF within **three business days** of the filing party's letter-motion. This provision does not alter the joint letter requirement for discovery disputes set forth in Individual Rule 4(k).

Letters may not exceed three pages in length (exclusive of exhibits or attachments) without prior permission from the Court.

For any emails to Chambers permitted under these Rules, counsel should include in the subject line: (1) the case caption, (2) docket number and (3) a brief description of the party's request. Parties shall not include substantive communications in the body of the email, only in the attached letter.

Copies of correspondence between counsel shall not be sent to the Court or filed on ECF except as exhibits to an otherwise properly filed document.

b. **Telephone Calls.** Telephone calls to Chambers should be reserved for urgent matters. In such situations, call the Clerk's Office at **(**212) 805-0136. You may request to be transferred to Chambers from there.

c. **Faxes.** Faxes to Chambers are not permitted without express prior permission, and only in cases of unforeseeable emergencies.

d. **Hand Deliveries.** Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse, 200 Worth Street, New York, NY 10007. If the hand-delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

e. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions in accordance with Section 2(a) of these Rules, not as ordinary letters. The letter-motion must state: (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) the date of the parties' next scheduled appearance before the Court.

If the parties are requesting an adjournment of a conference, they must also provide three mutually agreeable alternative conference dates. If the requested adjournment or extension affects any other scheduled dates, a proposed Amended Civil Case Management Plan and Scheduling Order must be attached.

      Absent an emergency, any request for extension or adjournment shall be made as early as possible, and ***at least 48 hours*** prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

    f. **Related Cases.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related.

3. **Conferences**

    a. **In Person Conferences.** Conferences may be held remotely or in person. In person conferences will be held in Courtroom 11B of the Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, NY.

    b. **Remote Conferences.** Absent permission of the Court, no more than one attorney shall speak on behalf of either party except as otherwise provided by Individual Rule 3(f).

    c. **Initial Pretrial Conference.** The Notice of Initial Pretrial Conference, scheduling a Federal Rule of Civil Procedure 16 conference, will be filed on ECF. The Notice will direct the parties to file on ECF, approximately one week prior to the conference, a joint letter as well as a joint proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter. The parties shall use the form Proposed Case Management Plan and Scheduling Order available at the Court's [website](website).

        i. **Diversity Jurisdiction Cases.** In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332, the party asserting the existence of such jurisdiction shall, prior to the Initial Pretrial Conference, file a letter to the Court on ECF no longer than two pages explaining the basis for that party's belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company or trust, the letter shall identify and state the citizenship of each of the entity's members, shareholders, partners and/or trustees.

    d. **Post-Fact Discovery Joint Status Letter.** No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to, confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge. The letter should not identify, explicitly or implicitly, any party that has declined to consent.

In a case <u>without</u> expert discovery, the letter shall also set forth a proposed briefing schedule for any dispositive motions.

e. **Post-Expert Discovery Joint Status Letter.** No later than one week after the close of expert discovery, counsel for all parties must file a joint letter setting forth a proposed briefing schedule for any dispositive motions and motions to exclude testimony of experts pursuant to Federal Rules of Evidence 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

f. **Participation by Junior or Less Experienced Attorneys.** The Court encourages the participation of junior attorneys and attorneys seeking additional experience in federal court, particularly where the attorneys played a substantial role in drafting the underlying filing or in preparing the relevant witness. To facilitate this provision, the Court is amenable to permitting more than one attorney to argue or present for one party.

g. **Authority Consistent with Proceeding.** All attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings (for example, by agreeing to a discovery resolution or briefing schedule).

h. **Pronouns and Honorifics.** The parties and counsel are encouraged to advise the Court if they would like to be addressed with a particular pronoun and/or honorific – such as Ms., Mx. or Mr. – so that the Court may address them respectfully. People appearing before this Court may do so when appearing for conferences, hearings or trials by speaking to the courtroom deputy. All parties and counsel shall address each other in all written documents and court proceedings by pronouns and/or honorifics previously identified.

4. **Motions**

   a. **Pre-Motion Letters and Conferences in Civil Cases.** Pre-motion letters and conferences are not required, except for disputes concerning discovery, which are governed by Section 4(k) of these Rules.

   b. **Memoranda of Law.** Motion papers must conform to Local Civil Rule 11.1. Memoranda of law in support of and in opposition to motions are limited to 25 pages and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents and table of authorities, neither of which shall count against the page limit. Surreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause). This provision does not alter the page limits for motions for reconsideration set forth in Local Civil Rule 6.3.

c. **Unpublished Cases.** The parties need not provide copies of unpublished cases if the case is available on Westlaw or LexisNexis.

d. **Oral Arguments on Motions.** The Court rarely holds oral argument. But a party may request oral argument on a motion by indicating "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law. If a party believes that the Court would benefit from oral argument for a particular reason not obvious from the parties' briefing, the party may file a letter explaining the reason – not a letter-motion – on ECF. The Court will determine whether argument will be heard and, if so, advise counsel of the argument date.

e. **Motion to Dismiss and Amended Complaints.** If a motion to dismiss is filed, the non-moving party shall, within 10 days of receipt of the motion, notify the Court and its adversary by a letter filed on ECF whether (1) it intends to file an amended pleading and when it will do so; or (2) it will rely on the pleading being attacked. Non-moving parties are on notice that declining to amend their pleadings to respond to a fully briefed argument in the motion to dismiss may well constitute a waiver of their right to use the amendment process to cure any defects that have been made apparent by the briefing. This provision does not alter the time to file a response in the Federal Rules or the Local Civil Rules.

If the non-moving party amends, the opposing party must, within 21 days of such amendment: (1) file an answer; (2) file a new motion to dismiss; or (3) file a letter stating that it relies on the initially filed motion to dismiss. If the moving party files an answer or a new motion to dismiss, the Court will deny the original motion to dismiss as moot.

This provision does not alter the requirement to seek leave of the Court to file amended pleadings not as of right pursuant to Federal Rule of Civil Procedure 15.

f. **Summary Judgment Procedures**

   i. **Discouraged in Non-Jury Cases.** Summary judgment motions are discouraged in non-jury cases.

   ii. **Rule 56.1 Statements.** Any party represented by counsel that moves for summary judgment shall provide all other parties with an electronic copy, in a standard word processing format, of the moving party's Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Rule 56.1 Statement"). Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement and set out the opposing party's response directly beneath it. If the opposing party wishes to file their own, additional statements of material fact, it shall begin numbering each entry where the moving party left off.

>> To streamline the summary judgment briefing process, the Court requires the parties to also negotiate and submit, prior to or along with the movant's Rule 56.1 Statement, a joint Rule 56.1 Statement setting out all facts on which the parties agree.
>>
>> Each factual assertion in Rule 56.1 Statements must be followed by a citation to the portion(s) of the evidentiary record relied upon. Each memorandum of law must include a statement of facts and may not simply incorporate by reference the entirety of a party's Rule 56.1 Statement.
>
> iii. **Deposition Transcripts.** Deposition transcripts that are supplied in connection with a summary judgment motion, whether in whole or in part, should be text-searchable and include an index.

g. **Motions to Exclude Testimony of Experts.** Unless the Court orders otherwise, motions to exclude testimony of experts, pursuant to Federal Rules of Evidence 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases, must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.

h. **Default Judgment.** A party seeking a default judgment must proceed by filing a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2(a)(2). A party seeking a default judgment should *not* proceed by order to show cause. The motion must be supported by the following papers:

1. A Certificate from the Clerk of Court stating that no answer has been filed (if failure to answer is the basis for the default);

2. a memorandum of law setting forth the basis and legal authority for:

    a. why each element of the causes of action has been satisfied and why default judgment should be entered;

    b. why service was proper;

    c. why an inquest into damages would be unnecessary;

    d. whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action; and

    e. the proposed damages and the basis for each element of damages, including interest, attorney's fees and costs.

3. an affidavit or declaration setting forth:

      a. the items specified in Local Civil Rule 55.2(a)(1);

      b. a description of the method and date of service of the summons and complaint; and

      c. the procedural history beyond service of the summons and complaint, if any.

4. a proposed default judgment.

The plaintiff must serve the motion for default judgment and supporting paperwork on the party against whom the default judgment is sought and file an affidavit of service on ECF within 14 days of filing the motion for default judgment. If more than 14 days are required to complete service of the motion for default judgment and supporting papers, the plaintiff should file a letter on ECF explaining why additional time is necessary and when the plaintiff anticipates service will be completed.

i. **Applications for a Temporary Restraining Order.** A party must confer with their adversary before making an application for a temporary restraining order unless the requirements of Federal Rule of Civil Procedure 65(b) are met. As soon as a party decides to seek a temporary restraining order, that party must file a letter on ECF (under seal if proceeding *ex parte*) and state clearly whether: (1) it has notified its adversary and whether the adversary consents to temporary injunctive relief; or (2) the requirements of Federal Rule of Civil Procedure 65(b) are satisfied and no notice is necessary.

The moving party must email ClarkeNYSDChambers@nysd.uscourts.gov giving notice of the filing and the time frame requested for Court action. The moving party should then file a Motion for a Temporary Restraining Order, supporting documents and a proposed order on ECF in accordance with ECF procedures. Where the motion is made on notice to the other parties, the moving party should simultaneously serve the documents on any party that will not receive electronic service via ECF. If the matter is time sensitive and Chambers does not respond within two hours, the movant may call the Clerk's Office before the end of the business day at (212) 805-0136. You may request to be transferred to Chambers from there.

If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must file the application at a time mutually agreeable to it and the adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

    j. **Proposed Orders and Stipulations.** Proposed orders to show cause, temporary restraining orders, stipulations, consent orders and proposed judgments are to be filed electronically on ECF as explained in the SDNY Electronic Case Filing Rules and Instructions. Counsel should also email an electronic courtesy copy of any proposed order to Chambers, in both Microsoft Word and PDF formats.

    k. **Discovery Disputes.** Parties must follow Local Civil Rule 37.2 with the following modifications. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person, virtually or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, counsel shall promptly file on ECF a single letter-motion, jointly composed, no longer than five pages, explaining the nature of the dispute and, if applicable, requesting an informal conference. Separate and successive letters will not be read. The letter must state (1) the position the parties started with at the beginning of the meet and confer; (2) each party's final proposed compromise; and (3) why the opposing side finds the compromise position insufficient. **Any letter-motion that fails to include this information will be denied.**

    Strict adherence to Federal Rule of Civil Procedure 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall set forth, with specificity, the requested discovery that each dispute involves and the respective position of each party, citing the applicable authority that the respective parties claim for support. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

    The Court will seek to resolve discovery disputes quickly, by order (based on the letter alone) or in a conference. Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery.

5. **Redactions and Filing Under Seal.**

    a. **Privacy Policy.** The parties are referred to Federal Rule of Civil Procedure 5.2 and the S.D.N.Y. ECF Privacy Policy ("Privacy Policy"). The parties should not include, unless necessary, the five categories of "sensitive information" in their submissions (*i.e.*, social security numbers, names of minor children [use the initials only], dates of birth [use the year only], financial account numbers and home addresses [use only the City and State]).

b.  **Redactions Not Requiring Court Approval.** Without Court approval, parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (*i.e.*, personal identifying number, medical records, treatment and diagnosis, employment history, individual financial information, proprietary or trade secret information and information regarding an individual's cooperation with the government), as described in the Privacy Policy.

c.  **Redactions and Sealed Filings Requiring Court Approval.** Except for redactions permitted by the eleven categories of information identified in the Privacy Policy, *all redactions or sealing of public court filings require Court approval*. To be approved, any redaction or sealing of a court filing must be narrowly tailored to serve whatever purpose justifies the redaction or sealing and must otherwise be consistent with the presumption in favor of public access to judicial documents.

d.  **Procedure for Filing Documents with Redactions.** Any party seeking to file a document with partial redactions must follow the following three steps:

   i.   **Meet and Confer.** The party seeking leave to file redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file on ECF, within *three business days* of the filing party's letter-motion seeking leave to file in redacted form, a letter explaining the need to redact the document.

   ii.  **Filing a Letter-Motion Seeking Leave to File with Redactions.** If the party is seeking leave of the Court to redact the document (*i.e.*, if the redactions are not among the categories of redactions that can be made without Court approval), the party should simultaneously file on ECF a letter-motion seeking leave to file the document with those redactions in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions. The letter-motion itself shall be filed in public view and should not include confidential information. The letter-motion must explain the purpose of the redactions, and why the redactions are consistent with the standards set forth in Section 5(c) above.

   iii. **ECF Filing of Redacted Document(s).** At the same time, the party shall: (1) publicly file on ECF and electronically relate to the letter-motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

    e. **Procedure for Filing Sealed Documents.** Any party seeking to file a document under seal must follow the following three steps:

        i. **Meet and Confer.** The party seeking leave to file sealed materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document under seal on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file on ECF, within *three business days* of the filing party's letter-motion seeking leave to file under seal, a letter explaining the need to seal the document.

        ii. **Filing a Letter-Motion Seeking Leave to File Under Seal.** The party shall electronically file a letter-motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. [Electronic Case Filing Rules and Instructions](). The letter-motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal and should not include confidential information.

        iii. **ECF Filing of Sealed Document(s).** The proposed sealed document(s) shall be separately and contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order, if the Court previously granted leave to file the document under seal). Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, should not include confidential information sought to be filed under seal.

    f. **Submission by Email.** Any party unable to comply with the requirement for electronic filing under seal on ECF, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion by email, seeking leave of the Court to file in a different manner. Such letter-motions may be emailed to ClarkeNYSDChambers@nysd.uscourts.gov as text-searchable PDF attachments, with copies simultaneously delivered to all counsel. In the subject line, the cover email should state clearly: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the nature of the request. Parties shall not include substantive communications in the body of the email. The letter-motion must explain why sealing or redaction is justified in light of the standards discussed in Section 5(c) above. If the party believes that the letter-motion itself should be sealed or redacted, the letter-motion should so state and should provide the justification therefor. Unless otherwise ordered by the Court, letter-motions seeking leave to file in a different manner *shall not exceed three pages*. The Court will include instructions for filing sealed or redacted versions of the document and accompanying letter-motion, if necessary, in any order disposing of the motion to seal.

    If the Court grants leave to submit by email, the party should email to ClarkeNYSDChambers@nysd.uscourts.gov: (1) a clean (i.e., unredacted) copy of the

document; (2) a copy of the document highlighting the information that has been redacted in the ECF filing; and (3) an unredacted copy of the letter-motion described in Rules 5(e)(iii)-(iv), should the party also be seeking leave to file that letter-motion with redactions or under seal.

g. **Opposition to Requests to Seal or Redact.** Any opposition shall be filed on ECF within *three business days* of the filing party's letter-motion seeking leave to file under seal or with redactions.

6. **Other Pretrial Guidance**

    a. **Settlement Agreements.** As soon as the parties reach an agreement to settle, the parties must alert the Court by promptly filing a joint letter. The Court will not retain jurisdiction to enforce confidential settlement agreements. If the parties request that the Court retain jurisdiction to enforce the agreement, the parties must place the terms of their settlement agreement on the public record. The parties may request that the Court endorse the settlement agreement or include the terms of their settlement agreement in their stipulation of settlement and dismissal.

    b. **Policy on Use of Electronic Devices.** Attorneys' use of personal electronic devices (including mobile phones) and general purpose computing devices (such as laptops and tablets) within the Courthouse and its environs is governed by Standing Order M10-468. When Court permission is required under the Standing Order, attorneys seeking to bring electronic devices to the Court should email a completed Model Court Order to ClarkeNYSDChambers@nysd.uscourts.gov no later than five business days before the relevant trial or hearing. Upon the Court's approval, Chambers will coordinate with the District Executive's Office to issue the order and forward a copy to counsel. The order must be presented upon bringing the electronic device(s) into the Courthouse. *If permitted by the Standing Order, mobile telephones are permitted inside the Courtroom, but they MUST be kept turned off at all times.*