

*Sent via CM/ECF*

October 8, 2025

The Honorable Jessica G. L. Clarke
United States District Court
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

**Zan Sun et al. v. Shen Yun Performing Arts, Inc. et al., No. 7:25-cv-03185**

Dear Judge Clarke:

In accordance with Paragraph 3(c) of the Court's Individual Rules and Practices and the Court's May 7, 2025 Notice of Initial Pretrial Conference, Dkt. No. 16 (the "Notice"), the parties submit this joint letter and proposed Civil Case Management Plan and Scheduling Order in advance of the pretrial conference scheduled for October 15, 2025. The parties conferred on October 3, 2025 and provide the following information (numbered paragraphs correspond to the Notice's prompts):

1.      The parties believe an initial pretrial conference is required. Most pressing, the Defendants are requesting that this Court stay discovery pending a decision on the motion to dismiss, which Plaintiffs oppose (as a result, the attached Case Management Order only has an agreement as to number of days, and *not* what triggers the deadline at issue).

2.      In the Amended Complaint ("AC"), Plaintiffs Zan Sun and Qing Ling Cheng assert numerous violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1581 et seq ("TVPRA") by Shen Yun Performing Arts, Inc. ("Shen Yun"), Fei Tian College ("College"), Fei Tian Academy of the Arts ("Academy"), Dragon Springs Buddhist Inc. ("Dragon Springs"), Hongzhi Li, and Rui Lee. ECF No. 36. Specifically, Plaintiffs allege: (i) TVPRA forced labor–direct liability; (ii) TVPRA forced labor - vicarious liability; (iii) TVPRA forced labor – beneficiary liability; (iv) TVPRA trafficking with respect to forced labor – direct liability; (v) TVPRA trafficking with respect to forced labor – vicarious liability; (vi) TVPRA trafficking with respect to forced labor – beneficiary liability; (vii) TVPRA attempted forced labor and trafficking; (viii) TVPRA seizure of documents; and (ix) TVPRA conspiracy to recruit, obtain, provide, transport, and harbor with respect to forced labor. Plaintiffs seek declaratory relief, permanent injunctive relief, damages, restitution, attorneys' fees, and other relief.

        Plaintiffs' claims stem from their experiences as trainees at the Academy and College and performers for Shen Yun, from 2008 to 2015 for Plaintiff Sun and from 2010 to 2015 for Plaintiff

641 LEXINGTON AVENUE | 13TH FLOOR | NEW YORK, NY 10022 | USA | +1 (212) 433-3456 | MCOLAW.COM

THE PEARCE BUILDING | WEST STREET | MAIDENHEAD | SL6 1RL | ENGLAND | +44 (0)20 3048 5959 | DX 6411 MAIDENHEAD

Partners:  **Dr Ann Olivarius** (Solicitor of England & Wales and Ireland; U.S. attorney licensed in MN, NH, VA, DC, ID & NY)
        **Dr JFO McAllister** (Registered Foreign Lawyer and U.S. attorney licensed in NY & CT)



Cheng. Plaintiffs allege Defendants acted in concert to recruit, harbor, transport, provide, and obtain Plaintiffs' labor through force, fraud, and coercion, and perpetuated the belief that Plaintiffs would suffer serious harm if they did not comply with Defendants' demands. Plaintiffs allege Defendants forced them to train for several hundred hours each month over the course of years at the Academy (and for Sun, the College) at Dragon Springs and then dance in hundreds of Shen Yun performances each year across the United States and around the world. Plaintiffs allege Defendants subjected them to brutal conditions, including physical, emotional, and mental abuse, humiliation, violence, confiscation of passports, and severely restricted access to the outside world.

Defendants Shen Yun Performing Arts, Fei Tien College and Academy of the Arts, Dragon Springs, Hongzhi Li, and Rui Li respectfully submit that all of the Counts of Plaintiffs' AC are time-barred, and that no actionable violation of the TVPRA is properly alleged. Defendants deny each and every one of the purportedly factual statements to the effect that they abused Plaintiffs in any way. Plaintiffs were not forced, coerced, or defrauded. To the contrary, with their parents' encouragement, they decided that they would participate – voluntarily – in the Academy and College, aspiring to achieve the high level of artistic accomplishment required of performers in the dance presentations of Shen Yun, a dance company whose mission is to demonstrate and to promote the spiritual messages of the Falun Gong religion. The treatment of students at the Academy and the College was consistent with the curricula of comparable high-level performing arts training institutions. Training to be a world-class dancer is rigorous, difficult, and taxing, but Plaintiffs knew that before they sought to enroll, and indeed willingly applied to be part of programs that would both train them as artists and reinforce their religious faith. Any "harm" that Plaintiffs may claim to have feared was not physical or psychological: it was religious in character, outside the control of Defendants, and far from the kind of "harm" that comes within the ambit of the TVPRA.

The factual issues most relevant to this case are:

From Plaintiffs:

i.    Whether Defendants abused Plaintiffs, including through insults, humiliation, shaming, slaps, beatings, shoe strikes, and other forms of physical and emotional violence.

ii.   Whether Defendants severely restricted Plaintiffs from leaving Dragon Springs, including by confiscating their passports and controlling their movements.

iii.  Whether Defendants constrained or prevented Plaintiffs from accessing outside information and communicating with the outside world.

iv.   Whether Defendants commanded strict adherence to Hongzhi Li's mandates and caused Plaintiffs to fear serious harm, including violence, public humiliation, castigation, and other psychological harm.



v. Whether Defendants forced Plaintiffs to train and perform under brutal conditions at Dragon Springs and on the Shen Yun tour, including by working in excessively hot environments, performing through illness and injury, and working excess hours with no adequate rest or medical attention.

vi. Whether the Academy's instructors assaulted Plaintiff Sun and caused him serious injuries, whether Plaintiff Sun experienced other injuries at the Academy, the College, and on the Shen Yun tour, and whether Defendants refused him time off to heal or seek medical care.

vii. Whether the Academy's instructors assaulted Plaintiff Cheng, humiliated her, caused her serious injuries, and refused her time off to heal or seek medical care.

viii. Whether Plaintiffs sustained damages as described in paragraphs 138 to 140 of the Amended Complaint.

From Defendants:

Pending before the Court, and awaiting final briefing and argument, is Defendants' Motion to Dismiss the AC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In that Motion, Defendants set out their position on the factual and legal deficiencies of the AC.

This case was filed on April 15, 2025. In Defendants' submission, the first factual issue for the Court to address is whether the AC discloses any actionable claim of a TVPRA violation against Plaintiff Sun between April 17 and May 24, 2015, or against Plaintiff Cheng between April 17 and "a few days after" June 18, 2015.

Defendants submit that the factual issues in this case, were the Court to conclude that it has jurisdiction to hear it and that the AC states claims upon which relief can be granted, would include those set out as prerequisites to liability under the TVPRA: whether Defendants "knowingly" obtained "the labor or services" of Plaintiffs by means of: (1) "force, threats of force, physical restraint, or threats of physical restraint to [them] or another person"; (2) "serious harm or threats of serious harm to [them] or another person"; or (3) "any scheme, plan, or pattern intended to cause [them] to believe that, if [they] did not perform such labor or services, [they] or another person would suffer serious harm or physical restraint." The Court may also be required to decide whether the requirement of a boarding school that foreign students deposit their passports for safekeeping constitutes "confiscation" of those documents. Plaintiffs characterize these as legal issues; Defendants respectfully submit that they are questions of fact first and foremost.

Defendants deny that Plaintiffs suffered any compensable injury, or are entitled to recover damages.

The legal issues most relevant to this case are (from Plaintiffs):



i.     Whether Defendants' conduct toward Plaintiffs constituted knowingly providing or obtaining Plaintiffs' labor through force, threats of force, physical restraint, threats of physical restraint, serious harm, threats of serious harm, and/or through a scheme, pattern, or plan to make Plaintiffs believe they would suffer serious harm if they did not provide labor.

ii.    Whether Shen Yun is vicariously liable for Hongzhi Li's actions in obtaining and/or providing Plaintiffs' forced labor.

iii.   Whether Defendants financially benefited from a forced labor venture that used Plaintiffs' labor to stage Shen Yun shows worldwide.

iv.   Whether Shen Yun and the Academy are liable for violations of 18 U.S.C. § 1592 for confiscating Plaintiffs' passports and immigration documents in the course of violating 18 U.S.C. §§ 1589 and 1590.

v.    Whether Defendants attempted and conspired to commit violations of 18 U.S.C. §§ 1589, 1590, and 1595.

vi.   Whether the ministerial exception, if applicable on the facts, applies to TVPRA claims.

From Defendants:

Were the case to proceed, the Court would be required to resolve, *inter alia*, the following questions of law (or mixed fact and law):

a.    Whether Falun Gong is a religion, and Shen Yun a Falun Gong ministry, therefore entitled to First Amendment protections?

b.    Whether Shen Yun performers are "ministers" (religious messengers) of a religion, as that term is defined in relevant and controlling judicial precedent?

c.    Whether any Defendant is vicariously liable for the conduct of another Defendant as alleged in the AC?

d.    Whether any other Defendant is an "alter ego" of Hongzhi Li and/or Rui Li?

e.    Whether the 2018 amendment to the TVPRA applies to conduct alleged to have occurred before its enactment?

f.    Whether the prerequisites to a showing of "conspiracy" are satisfied?

g.    Whether Plaintiffs can demonstrate a sufficient likelihood of future harm to justify the award of injunctive relief?

h.  Whether there is a causal nexus is between any "threats" of Defendants and the alleged "forced labor"?

3.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action seeks to enforce rights and remedies for violations of the TVPRA. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1) because Defendants reside in the Southern District of New York. Venue is additionally proper in the Southern District of New York under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in the Southern District of New York.

      Defendants contend that the Court is without subject matter jurisdiction over the AC, because the acts it alleges occurred outside the relevant statutory limitation period. And Defendants also submit that the Court lacks subject matter jurisdiction to award the requested prospective relief.

4.    On September 2, 2025, Defendants filed a motion to dismiss the AC. Dkt No. 37. The parties previously agreed to extend Plaintiffs' time to oppose to October 3, 2025, and Defendants' reply to October 17, 2025. Dkt. No. 36. The parties are scheduled to appear before the Court for an Initial Pretrial Conference on October 15, 2025.

5.    Defendants' pending motion to dismiss is made under FRCP 12(b)(1) and 12(b)(6), arguing that (i) Plaintiffs' claims are barred by the statute of limitations; (ii) Plaintiffs' claims fail because they did not plausibly allege certain elements of 18 U.S.C. § 1589(a); (iii) the ministerial exception bars Plaintiffs' claims; (iv) Plaintiffs fail to meet the requirements of Rule 8; (v) Plaintiffs' other TVPRA claims fail; and (vi) Plaintiffs lack standing to seek prospective relief.

6.    To date, no discovery has taken place.

7.    No prior settlement discussions have taken place.

8.    None.

Finally, attached as Exhibit A is a proposed Civil Case Management Plan and Scheduling Order. The parties look forward to our conference.

Sincerely,

_____                        /s/ Steven Schneebaum
Pamela Takefman                                 Steven M. Schneebaum
*Counsel for Plaintiffs*                        *Counsel for Defendants*