

STEVEN M SCHNEEBAUM PC

202.742.5900 o. | 202.449.3835 f. | 202.744.3838 c.
www.smslawdc.com | sms@smslawdc.com
1750 K Street NW #1210, Washington DC 20006

Hon. Jessica G.L. Clarke
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Zan Sun* et al. v. *Shen Yun Performing Arts*, et al.,
Civil Action No. 7:25-cv-3185 (JGLC)
Joint Letter re Stay of Discovery

November 26, 2025

Dear Judge Clarke:

This joint letter is respectfully submitted pursuant to the direction of the Court during our Initial Pretrial Conference that took place on November 19, 2025. Your Honor ordered the parties to offer their views on whether discovery in this case should be stayed pending resolution of the Motion to Dismiss (MTD), which has been fully briefed. Defendants request such a stay; Plaintiffs oppose it.

The positions of the parties are set out in the following paragraphs, with the submission of Defendants, as the parties initiating the request, presented first.

**Defendants' Argument**

In determining whether to grant a stay of discovery while a motion to dismiss is under review, "courts consider three factors: 1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Negrete v. Citibank, N.A.*, No. 15 Civ. 7250 (RWS), 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015) (citations omitted) All three factors weigh in favor of staying discovery here.

In assessing the first criterion, pendency of a motion to dismiss is sufficient to support a stay when "it 'is potentially dispositive, and appears to be not unfounded in the law.' *Id.*,, citing *Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13 Civ. 6362, 2014 WL 6883529, at *4 (E.D.N.Y. Dec. 3, 2014) (in turn quoting *Gandler v. Nazarov*, No. 94 Civ. 2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)). That is certainly the situation here. The motion argues that all of Plaintiffs' claims are time-barred, and that Plaintiffs are asking the Court to make determinations barred by the First Amendment, and in particular by the Ministerial Exception endorsed by the Supreme Court in such decisions as *Hosanna-Tabor Evangelical Lutheran Church & Sch. v. E.E.O.C.*, 565 U.S. 171, 182-85, 188-89 (2012). "[T]he resolution of the pending motion to dismiss may dispose of the entire action." *Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (KMK) (granting stay) (quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22 Civ. 377, 2022 WL 1639485, at *2 (S.D.N.Y. May






24, 2022)); *see also Moore v. Johnson & Johnson*, No. 24-CV-6405 (DEH), 2025 WL 1569669, at *2 (S.D.N.Y. June 3, 2025). For that reason, the time, effort, and expenses incurred in conducting and responding to discovery could be rendered entirely moot.

The second *Negrete* factor concerns burdensomeness, and also militates in favor of a stay. While the contested discovery has not yet been served, the breadth of the 40-page, nine-count Amended Complaint (AC) against seven Defendants – which contains over 50 paragraphs (¶¶ 22-73) making sweeping allegations about Shen Yun unrelated to Plaintiffs, and claims involving Plaintiffs going back to 2007 (the applicable limitations period is 10 years) – makes plain their intent to seek information about Defendants' operation of their academic institutions and performance troupes over decades, as well as their finances, their interrelationships, and, most significantly, their religious doctrines and teachings. Discovery could, and likely would, involve numerous deposition notices and extensive document production requests (in both directions), some of which are likely to be disputed as to relevance and onerousness. Where, as here, and as in *HAHA Glob., Inc. v. Barclays*, No. 119CV04749 VECSDA, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020), "given the large number of Defendants and the large number of claims asserted by [Plaintiffs], discovery in this action is likely to be burdensome."

Finally, with respect to prejudice, there is no reason to believe that any of Plaintiffs' prospective witnesses or evidence would become unavailable during the brief period of a stay. That "witnesses' memories may fade" seems an especially inapposite consideration in a case raising allegations already aged more than 10 years. Plaintiff Sun was expelled from Fei Tian College in May 2015, while Plaintiff Cheng did not dance for Shen Yun after that same month. If memories of those events were going to diminish, they would likely have done so already.

"Insofar as Plaintiffs are contending that they are prejudiced merely by waiting for the Court to render a decision on Defendants' Motions to Dismiss [the Complaint], the Court notes that 'the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay.'" *Broccoli*, 2023 WL 6795253, at *2 (quoting *O'Sullivan v. Deutsche Bank AG*, No. 17-CV-8709, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018)). The relatively short time that discovery would be in abeyance, the passage of so much time since the events allegedly giving rise to the AC, and the fact that both parties have filed their briefs in the potentially dispositive motion (*see HAHA*, *supra*) all counsel in favor of the issuance of a stay.

Judicial economy would be served, unnecessary expenditure of time and money on both sides would be avoided or reduced, and no party would be adversely affected were a stay granted. Absent any measurable prejudice that would be the result of granting this request, Defendants respectfully submit that the Court should exercise its discretion to stay discovery pending resolution of the MTD, as it did in *Constrafor, Inc. v. Federal Deposit Insurance Corporation, as Receiver for Signature Bank*, No. 1:24-cv-04402-JGLC (Nov. 25, 2024), citing the factors discussed in *Negrete*, *supra*, and in this letter.






**Plaintiffs' Argument**

In the Second Circuit, district courts retain "broad discretion to direct and manage the pre-trial discovery process." *Farzan v. Bridgewater Assocs., LP*, 699 F. App'x 57, 58 (2d Cir. 2017) (citing *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004)). With that in mind, this District considers "a stay of discovery [to be] the exception and not the rule." *Dobbs v. Bank of N.Y. Mellon*, 2025 U.S. Dist. LEXIS 138648, at *4-5 (S.D.N.Y. July 21, 2025) (internal citation omitted). Courts may stay discovery only "upon a showing of good cause," *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013), the burden for which "falls on the party seeking the order for a stay of discovery." *Berkley Ins. Co. v. Weddle L. PLLC*, No. 24-CV-08108 (JAV), 2025 U.S. Dist. LEXIS 148001, at *2 (S.D.N.Y. Aug. 1, 2025) (citation modified). When making a good cause determination, courts consider: (i) the strength of the underlying motion; (ii) the breadth of discovery sought and burden responding to it; and (iii) the risk of prejudice to the party opposing the stay. *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 185 (S.D.N.Y. 2025).

***As to the first "good cause" factor***, Defendants must show that the MTD presents "substantial grounds for dismissal" or makes a "strong showing that the motion is likely to succeed on the merits." *McSweeney v. Cohen*, 2024 U.S. Dist. LEXIS 162847, at *2 (S.D.N.Y. Sep. 5, 2024) (citation modified). Only if the Amended Complaint is "facially without merit," and if Plaintiffs have been "unable to cite relevant authority in response to [Defendants'] challenge," may this Court stay discovery until it resolves the MTD. *Brawer*, 348 F.R.D. at 186.

Defendants' MTD offers a variety of unconvincing propositions, but only four relate to the Amended Complaint in its entirety and are therefore relevant here. First, Defendants argue that the TVPRA is restricted by the limitations period for another law in completely different chapter of the U.S. code. Second, Defendants assert that the Amended Complaint fails to sufficiently allege "serious harm" under the TVPRA by inventing terminology like "religious harm" and by importing many of their own facts, all while disregarding central allegations in the Amended Complaint. Third, Defendants propose a breathtaking expansion of the ministerial exception doctrine despite the clear limitation set by the Supreme Court to hire-and-fire employment disputes. Fourth, Defendants contend that the Amended Complaint fails Rule 8 because they say they just cannot understand the accusations against them. Far from presenting "substantial grounds" or making a "strong showing," Defendants' MTD reveals its obvious weakness after a mere cursory review. As set forth in Plaintiffs' opposition, Defendants' MTD either mangles current law, ignores detailed facts, or asks this Court to conjure new law entirely. None of these conditions can justify a stay of discovery at this stage. Defendants fail to satisfy the first "good cause" factor.

***As to the second "good cause" factor***, Defendants must offer "specific facts as to [any] burden" they claim to face in responding to discovery. *Brawer*, 348 F.R.D. at 186; *see also Bennett v. Cuomo*, 2023 U.S. Dist. LEXIS 26008, at *4 (S.D.N.Y. Feb. 15, 2023) (citing cases). "Normal discovery in a limited matter does not alone rise to the level of good cause." *Choudhury v. NYC Health & Hosp. Corp.*, 2025 U.S. Dist. LEXIS 208428, at *9 (S.D.N.Y. Oct. 22, 2025) (internal citation omitted).


STEVEN M SCHNEEBAUM PC



Defendants surmise that discovery will be burdensome given the length of Amended Complaint and the nine causes of action against them. However, courts in this District have held that "speculation" over the burden of the discovery "from the length of the [complaint] and the number of defendants and third parties named" is insufficient to warrant a stay. *McSweeney*, 2024 U.S. Dist. LEXIS 162847, at *3. A stay is even less justified when, as here, the stay is connected to the pendency of a motion to dismiss, briefing on the motion is advanced (or complete), and discovery is in preliminary stages (or not even commenced). *See id.*

Alternatively, generic arguments that discovery "may be broad, costly and time consuming" also fail to demonstrate good cause. *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, 2025 U.S. Dist. LEXIS 108143, at *3 (S.D.N.Y. June 6, 2025). Defendants' recitation of factual issues and common discovery devices above fails to spell out any sort of burden. Defendants are interconnected organizations and individuals with tens of millions of dollars in assets and worldwide influence. They cannot plausibly claim that initial disclosures, document discovery, and maybe party depositions before resolution of the MTD will constitute any real burden. Furthermore, any suggestion that such discovery would question purported religious doctrine is false because Plaintiffs' claims do not turn on the validity of any religious belief. If Defendants object to any elements of forthcoming discovery, they retain the freedom to object or seek a protective order. *Berkley Ins. Co. v. Weddle L. PLLC*, No. 24-CV-08108 (JAV), 2025 U.S. Dist. LEXIS 148001, at *4 (S.D.N.Y. Aug. 1, 2025); *see also Dobbs*, 2025 U.S. Dist. LEXIS 138648, at *4-5. Having failed to demonstrate a specific burden in responding to discovery, Defendants likewise fail the second "good cause" factor.

***As to the third "good cause" factor***, a stay of discovery by its very nature causes prejudice to the opposing party because a stay delays resolution of a dispute. *See Dobbs*, 2025 U.S. Dist. LEXIS 138648, at *4-5. Even absent any "distinctive risk of unfair prejudice" resulting from a stay, Plaintiffs have a valid "interest in moving the case forward." *Choudhury*, 2025 U.S. Dist. LEXIS 208428, at *12-13.

Therefore, by default, Plaintiffs will suffer unfair prejudice if this case is stayed pending resolution of the MTD. The discovery necessary here will reach back as far as 2007, which Defendants do not dispute. Plaintiffs must prove their own claims and also prove the existence of a forced labor scheme under the TVPRA, which will require evidence from Defendants and several third parties. As time passes, memories will continue to fade, and reliable documentation and testimony becomes less likely. Defendants Hongzhi Li and Rui Lee are themselves elderly, and Plaintiffs must take their depositions soon before the risk of age-related decline becomes too great. Before these depositions, the parties need to exchange some degree of document discovery, and any related disputes would like require motion practice. Plaintiffs would clearly suffer prejudice if discovery is stayed, and therefore Defendants fail to satisfy the third "good cause" factor.

Defendants fail to demonstrate good cause through any of the three enumerated factors. Accordingly, they fail to meet their burden, and their request to stay discovery should be denied.






**Defendants' Reply**

The parties agree as to the criteria the Court should apply in deciding this motion. Yet in their review of those standards, Plaintiffs themselves make the case for a stay of discovery.

The first *Negrete* criterion does not require the Court to prejudge the pending MTD: it asks only whether the motion "appears to be not unfounded in the law." But all Plaintiffs offer is that the motion is "unconvincing," "breathtaking,": "obvious[ly] weak[]," and "mangled." These adjectival flourishes aside, they cannot deny that the MTD, grounded in precedent, is sufficient to be potentially dispositive of the entire case. Sufficiency, not the likelihood of ultimate success, is the *Negrete* factor. Tellingly, their summary of the motion does not substantively address Defendants' argument that all of the claims in the AC are time-barred (Plaintiffs concede that the limitations period is ten years). And they mischaracterize the complex and important First Amendment issues presented by their own AC, that are developed in the motion.

Plaintiffs decry Defendants' description of the burdensomeness of anticipated discovery as "speculative," before themselves removing any need for speculation. They tell the Court that the discovery they will seek "will reach back as far as 2007." They want document production "and maybe party depositions" (they have named seven Defendants, and some depositions will likely require interpreters). They acknowledge that some discovery will engender motions practice. And they remarkably present these concessions while arguing that their discovery will not be burdensome.

And as to prejudice, they offer only that the passage of time is inherently prejudicial, ignoring the words of Judge Karas in *Broccoli*, *supra*. They claim no special reason for the need for discovery to proceed while the motion to dismiss is pending, because there is none.

"A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue. At this stage of the litigation, with the viability of the new [c]omplaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Broccoli*, at *3, quoting *Spinelli v. Nat'l Football League*, No.13-CV-7398, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). The stay of discovery should be granted.

The parties and their counsel are grateful to Your Honor for your attention to this matter.

Respectfully submitted,

/s/
Matthew Paluch
Counsel for Plaintiffs

[signature]
Steven M. Schneebaum
Counsel for Defendants

Cc: All counsel of record via ECF