UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ZAN SUN and QING LING CHENG,<br><br>           Plaintiffs,<br><br><br>    -against-<br><br>SHEN YUN PERFORMING ARTS,<br>INC., FEI TIAN COLLEGE, FEI TIAN<br>ACADEMY OF THE ARTS, DRAGON<br>SPRINGS BUDDHIST INC.,<br>HONGZHI LI, and RUI LI<br><br>           Defendants. | Case No. 25-cv-3185 (JGLC) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
HONGZHI LI AND SANDY LI**

1

Defendants Hongzhi Li ("Master Li") and Sandy Li  (incorrectly identified in the caption as Rui Lee, hereinafter "Mrs. Li," and together with Master Li, the "Li Defendants"), by and through their undersigned counsel, for their Answer to each numbered paragraph of the First Amended Complaint (ECF No. 36) (the "Complaint"), hereby state as follows:

## GENERAL DENIAL

Except as to those allegations that the Li Defendants expressly admit below, or those as to which they lack knowledge or information sufficient to form a belief as to their truth, the Li Defendants deny each and every allegation contained in the Complaint, including, without limitation, the headings, titles, subheadings, footnotes, and Prayer for Relief contained therein. Moreover, the Complaint improperly lumps all six Defendants together in more than 100 separate paragraphs without individual identification and accordingly, the Li Defendants respond only on their own behalf and not on behalf of any other Defendants, individuals and entities, and respond only to allegations directed at them; they should not be deemed to be responding to allegations directed solely at other individuals or entities. The Li Defendants expressly reserve the right to amend and/or supplement this Answer.

## INTRODUCTORY STATEMENT

To the extent necessary to fully and completely answer the allegations in the Complaint, the Li Defendants incorporate therein the following statement: Falun Gong, also known as Falun Dafa, is a spiritual practice in the Buddhist tradition that Master Li introduced to the public in 1992. The central tenets of Falun Gong are Truthfulness, Compassion, and Forbearance, which practitioners use to guide their daily life. Falun Gong practitioners regard Master Li as their spiritual teacher and moral guide, and this Answer refers to him, as they do, as "Master Li."

Mrs. Li is honored among them as a spiritual advisor in her own right, known within the community by the traditional Chinese Buddhist honorific "ShiMu," a maternal figure who counsels, guides, and serves as a trusted confidant to the faithful.

Federal courts recognize Falun Gong as a religion, and its tens of millions of practitioners have endured one of the most sustained religious persecutions of the modern era. Since 1999, the Chinese Communist Party ("CCP") has outlawed the practice as "heretical" and subjected believers to surveillance, imprisonment, torture, and even the harvesting of their organs. To justify that persecution, for decades, the CCP has spread falsehoods about Falun Gong, its related institutions, and its leadership. The plaintiffs' allegations in the Complaint generally mirror those historic claims. Cloaked in the language of the Trafficking Victims Protection Reauthorization Act, it recasts the devout religious life of a Falun Gong ministry as a criminal enterprise and asks this Court to brand the spiritual leader of that community, Master Li, and Mrs. Li, as traffickers. In recent years, the CCP made clear that it intends to use legal systems as part of a weaponized effort to eradicate Falun Gong and continue its world-wide oppression.

The Li Defendants answer each of the numbered paragraphs of the Complaint as follows:

**NATURE OF THE ACTION**

1. Deny the allegations in paragraph 1, except admit that Shen Yun is an internationally recognized classical Chinese performing arts touring organization and Falun Gong music and dance ministry that uses the performing arts to share religious principles and the prospect of salvation; Master Li is the founder and spiritual leader of Falun Gong; and artistic director and spiritual advisor of Shen Yun.

2. Deny the allegations in paragraph 2, except admit that Dragon Springs is an approximately 400-acre property located in Cuddebackville, New York which features

3

traditionally constructed Buddhist temples; it is recognized by the Internal Revenue Service as a church; and it is considered a Place of Worship under local zoning law.

3.      Deny the allegations in paragraph 3.

4.      Deny the allegations in paragraph 4, except admit that Master Li is the volunteer artistic director and spiritual advisor of Shen Yun, and as such, participates in casting decisions; as the spiritual leader of Falun Gong, Master Li also provides spiritual guidance for the faith-based mission of Shen Yun; Shen Yun performances occur in multiple cities and countries; students receive full scholarships and stipends; and non-student performers are on payroll and receive a salary.

5.      Deny the allegations in paragraph 5, except admit that Sun attended the Fei Tian Academy (the "Academy") and Fei Tian College (the "College"); Cheng attended the Academy; and both plaintiffs voluntarily participated in Shen Yun performances around the world through the Academy's practicum program.

6.      Deny the allegations in paragraph 6, except admit that plaintiffs are using the Trafficking Victims Protection Reauthorization Act ("TVPRA") and false allegations to seek damages.

### JURISDICTION AND VENUE

7.      The allegations in paragraph 7 state characterizations and legal conclusions to which no response is required.

8.      The allegations in paragraph 8 state characterizations and legal conclusions to which no response is required.

9.      The allegations in paragraph 9 state characterizations and legal conclusions to which no response is required.

4

**PARTIES**

10.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.    Admit the allegations in paragraph 13.

14.    Admit the allegations in paragraph 14.

15.    Admit the allegations in paragraph 15.

16.    Admit the allegations in paragraph 16.

17.    Deny the allegations in paragraph 17, except admit that Master Li is a resident of New York; that he founded Falun Gong (also called Falun Dafa), a revival of an ancient spiritual practice in the Buddhist tradition, and Shen Yun (of which he serves as the volunteer artistic director and spiritual advisor); and that he is often referred to as "Master" or "D.F." which reflects his spiritual and teaching roles in the Falun Gong religious practice.

18.    Deny the allegations in paragraph 18, except admit that Master Li is the volunteer artistic director and spiritual advisor of Shen Yun, and provides spiritual guidance.

19.    Deny the allegations in paragraph 19, except admit that Mrs. Li resides in New York, is married to Master Li; in the past volunteered as Shen Yun's chief financial officer; and that she serves as a spiritual advisor to Falun Gong practitioners.

20.    Deny the allegations in paragraph 20, many of which are legal characterizations and conclusions.

21.    Deny the allegations in paragraph 21, many of which are legal characterizations and conclusions.

**SPECIFIC ALLEGATIONS**

22.    Deny the allegations in paragraph 22, except admit that Master Li had the vision for and participated in the founding of Shen Yun, a world-class performing arts company, a Falun Gong music and dance ministry that uses the performing arts to share Falun Gong religious principles and the prospect of salvation; and that Shen Yun was incorporated in 2006.

23.    Deny the allegations in paragraph 23.

24.    Deny the allegations in paragraph 24, except admit that the Academy is a religious nonprofit boarding school and that qualified students can perform with Shen Yun through an educational practicum program.

25.    Deny the allegations in paragraph 25.

26.    Deny the allegations in paragraph 26, except admit that the College is a religiously affiliated nonprofit college; and qualified students may have the opportunity to perform with Shen Yun through an educational practicum program.

27.    Deny the allegations in paragraph 27.

28.    Deny the allegations in paragraph 28, except admit that Dragon Springs, often referred to as "the Mountain," is a multi-acre property in Cuddebackville, New York, where Shen Yun, the Academy and the College are located, that Dragon Springs is a religious organization recognized by the Internal Revenue Service as a "Church," and that Dragon Springs is recognized as a Place of Worship under local zoning laws.

29.    Deny the allegations in paragraph 29.

30. Deny the allegations in paragraph 30, except admit that, as artistic director, Master Li does participate in Shen Yun's casting decisions, and as spiritual advisor, does participate in decisions that impact the spiritual message of the show.

31. Deny the allegations in paragraph 31, except admit that Shen Yun, the Academy, and the College are located on the Dragon Springs campus; and that from time to time, employees or volunteers of one entity may be employed by or volunteer for another entity.

32. Deny the allegations in paragraph 32.

33. Deny the allegations in paragraph 33.

34. Deny the allegations in paragraph 34, except to the extent the paragraph references publicly filed documents, refer to those authentic documents for the truth, full context, and accuracy of the allegations.

35. Deny the allegations in paragraph 35.

36. Deny the allegations in paragraph 36, except admit that to the extent the paragraph references publicly filed documents, refer to those authentic documents for the truth, full context, and accuracy of the allegations.

37. Deny the allegations in paragraph 37, except admit that Shen Yun is a Falun Gong music and dance ministry whose performances advance the spiritual and religious mission of Falun Gong and depict traditional Chinese culture, and further refer to actual Shen Yun performances for the truth, full context, and accuracy of the allegations.

38. Deny the allegations in paragraph 38, except admit that Falun Gong is a Buddhist-based spiritual practice founded by Master Li and Shen Yun performers stand in courageous opposition to the brutal oppression of their faith at the hands of the CCP.

7

39.     Deny the allegations in paragraph 39, and specifically deny plaintiffs' assertion that Falun Gong is not a legally protected religion, except admit that to the extent the paragraph references prior public statements of Master Li (which were not intended to reference any legal concepts), refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

40.     Deny the allegations in paragraph 40, except admit that the Falun Gong spiritual practice involves certain exercises and meditative movements; and to the extent the paragraph references prior public statements of Master Li, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

41.     Deny the allegations in paragraph 41.

42.     Deny the allegations in paragraph 42, except admit that to the extent the paragraph references social media and internet postings, refer to those postings in their entirety for the truth, full context, and accuracy of the allegations.

43.     Deny the allegations in paragraph 43, except admit that to the extent the paragraph references Shen Yun performances, refer to those performances in their entirety for the truth, full context, and accuracy of the allegations; and further admit that Shen Yun uses performing arts to revive traditional Chinese culture, share Falun Gong religious principles and raise awareness about the brutal oppression of Falun Gong practitioners at the hands of the CCP.

44.     Deny the allegations in paragraph 44.

45.     Deny the allegations in paragraph 45, except admit that Falun Gong materials are made available in connection with many Shen Yun performances.

46.     Deny the allegations in paragraph 46, except lack knowledge or information sufficient to form a belief as to the truth of those allegations involving individuals or entities other than the Li Defendants.

47.     Deny the allegations in paragraph 47.

48.     Deny the allegations in paragraph 48.

49.     Deny the allegations in paragraph 49, except admit that Master Li is the founder and spiritual leader of the Falun Gong religious practice.

50.     Deny the allegations in paragraph 50, except admit that the Academy and College are properly accredited institutions; and that qualified students may have opportunities to perform with Shen Yun through an educational practicum.

51.     Deny the allegations in paragraph 51, except admit that the educational curricula at the Academy and College contain both standard academic subjects and specialized performing arts training.

52.     Deny the allegations in paragraph 52, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight consistent with high-level dance performers.

53.     Deny the allegations in paragraph 53, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the plaintiffs' current physical condition.

54.     Deny the allegations in paragraph 54, except admit that consistent with the responsibilities of a boarding school acting *in loco parentis*, students were appropriately supervised and travel documents were secured for safekeeping and returned upon request.

55.     Deny the allegations in paragraph 55.

9

56.     Deny the allegations in paragraph 56, except admit that the physical characteristics of Dragon Springs are fully transparent and may be viewed at any time; appropriate security and safety measures are taken to protect Falun Gong practitioners from CCP violence and harassment; and the Li Defendants seek to ensure the protection and well-being of students and practitioners at Dragon Springs.

57.     Deny the allegations in paragraph 57, except lack knowledge or information sufficient to form a belief as to the truth of allegations concerning unidentified children.

58.     Deny the allegations in paragraph 58, except admit that the Academy and the College are religious educational institutions where students receive instructions in accordance with Falun Gong spiritual and ethical principles; rules are placed on smartphones, media and internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*; and students are instructed about the religious teachings of Master Li.

59.     Deny the allegations in paragraph 59, except re-state answer to paragraph 58, and admit that the Academy issues phones and tablet computers to students during their studies, and school rules are enforced through the periodic review of those electronic devices to ensure an educational environment consistent with the religious teachings of Falun Gong.

60.     Deny the allegations in paragraph 60, except admit that the Academy and the College teach the spiritual principles of Falun Gong and that students are expected to adhere to appropriate moral precepts in accordance with those principles.

61.     Deny the allegations in paragraph 61, except admit that the Academy maintains policies regulating interaction of male and female students that are consistent with both Falun Gong principles and with the responsibilities of boarding schools acting *in loco parentis*.

62.     Deny the allegations in paragraph 62, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the fears of unidentified children and plaintiffs; and admit that the Academy and the College hold assemblies from time to time.

63.     Deny the allegations in paragraph 63, except admit that Ms. Huaping Guo was the Academy's first principal and that students are prohibited from viewing pornography.

64.     Deny the allegations in paragraph 64.

65.     Deny the allegations in paragraph 65, except admit that in or around 2015, a certain student teaching assistant violated school rules by accessing inappropriate materials through the internet, and further that this student later apologized for this misconduct, and thereafter many students signed a written commitment to abide by the rules prohibiting inappropriate internet access in order to focus on their spiritual and artistic development.

66.     Deny the allegations in paragraph 66.

67.     Deny the allegations in paragraph 67, except admit that each Shen Yun troupe typically puts on about 100 performances per year, and that student travel documents were maintained by adults for safekeeping consistent with the responsibilities of boarding schools acting *in loco parentis*; and lack knowledge or information sufficient to form a belief concerning the experiences of unidentified students.

68.     Deny the allegations in paragraph 68, except admit that set up and strike of performances were done by theater professionals, Shen Yun's production staff, and local volunteers, and voluntarily by performers.

69.     Deny the allegations in paragraph 69, except admit that a Shen Yun performance typically lasts for approximately 2.5 hours and involves multiple costume changes; and lack

knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified students and performers.

70.    Deny the allegations in paragraph 70, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified students and performers.

71.    Deny the allegations in paragraph 71, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified students and performers.

72.    Deny the allegations in paragraph 72, except admit that students received stipends and full scholarships in connection with their attendance at the Academy and the College, and students participating in the practicum received educational credit with all expenses paid; and lack knowledge or information sufficient to form a belief as to the experiences of unidentified students.

73.     Deny the allegations in paragraph 73.

74.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74.

75.    Deny the allegations in paragraph 75, except admit that Master Li participated with others in the founding of Shen Yun, and that Shen Yun performances depict the values and culture of China before communism; and lack knowledge or information sufficient to form a belief as to the truth of the experiences or beliefs of Sun or his parents.

76.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.    Deny the allegations in paragraph 78, except admit that the College did not yet exist when Sun first arrived at Dragon Springs and that, at this time, some students present for a trial period temporarily stayed in a visitor center while dorms were being built; and lack knowledge or information sufficient to form a belief as to the truth of the experiences of Sun or unidentified students.

79.    Lack knowledge or information sufficient to form a belief as to the truth of Sun's experiences in paragraph 79, except admit that the Academy provides elite dance training.

80.    Deny the allegations in paragraph 80, except lack knowledge or information sufficient to form a belief as to the truth of Sun's travel plans in paragraph 80; and admit that the Academy does provide appropriate support to eligible students for obtaining visas.

81.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, except admit that student passports are maintained in a safe location to avoid loss or misplacement.

82.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 concerning the particular school schedule, except admit that, among other things, attendance at the Academy involves study, meditation, spiritual practice, academic classwork, performing arts classes, meals, and rehearsals for students participating in the practicum program; and that Master Li would observe rehearsals and practice of performers from time to time.

83.    Deny the allegations in paragraph 83, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sun's particular experiences or feelings regarding his attendance at the Academy.

84.     Deny the allegations in paragraph 84, except admit that Sun participated as a student performer for Shen Yun, and each Shen Yun performance involves female-only pieces, music-only pieces, and introductions that Sun would not have danced in.

85.     Deny the allegations in paragraph 85, except admit that Sun became a principal dancer and voluntarily toured with Shen Yun and otherwise attended school and trained as an elite dancer at Dragon Springs.

86.     Deny the allegations in paragraph 86, except lack knowledge or information sufficient to form a belief as to the truth of Sun's particular experiences while on tour; and admit that Sun voluntarily participated in activities necessary to conduct a world-class dance performance.

87.     Deny the allegations in paragraph 87, except lack knowledge or information sufficient to form a belief as to the truth of actions of other individuals.

88.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.     Deny the allegations in paragraph 89, except lack knowledge or information sufficient to form a belief as to the truth of Sun's touring schedule and experiences while on tour; and admit that Sun participated in some Shen Yun tours.

90.     Deny the allegations in paragraph 90, except admit that during the first few years of Shen Yun, Master Li occasionally handed out envelopes containing $100 to $500 to performers, and that these payments stopped when payroll and student stipend systems were created; and lack knowledge or information sufficient to form a belief as to the truth of the amounts received by Sun.

14

91.    Deny the allegations in paragraph 91, except admit performers received payments, stipends or salary while performing on Shen Yun tours; and lack knowledge or information sufficient to form a belief as to the truth of the amounts received by Sun.

92.    Lack knowledge or information sufficient to form a belief as to the allegations in paragraph 92.

93.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.    Deny the allegations in paragraph 97, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sun's purported injuries.

98.    Deny the allegations in paragraph 98, except lack knowledge or information sufficient to form a belief as to the truth of Sun's purported beliefs and feelings.

99.    Deny the allegations in paragraph 99.

100.    Deny the allegations in paragraph 100, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sun's activities on tour or how Sun was treated regarding social media policies.

101.    Deny the allegations in paragraph 101, except admit that College administrators, which did not include the Li Defendants, expelled Sun from the College for serious code of conduct

15

violations; and lack information regarding Sun returning any electronic devices belonging to the College.

102.    Deny the allegations in paragraph 102, except Master Li lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sun's activities after leaving the College; and Mrs. Li admits that Sun went to Taiwan and assisted at a performing arts school.

103.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sun's activities after leaving the college in paragraph 103.

104.    Deny the allegations in paragraph 104, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sun's activities after leaving the College.

105.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105.

106.    Deny the allegations in paragraph 106, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cheng and her mother.

107.    Deny the allegations in paragraph 107, except lack knowledge or information sufficient to form a belief as to the attendance numbers of the conference; and admit that a Falun Gong conference occurred in New York in 2008.

108.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.    Deny the allegations in paragraph 109, except lack knowledge or information sufficient to form a belief as to the truth of allegations concerning Cheng's travels.

110.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111, except admit that student passports are maintained in a safe location to avoid loss or misplacement.

112.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112, except admit that attendance at the Academy involves study, meditation, spiritual practice, academic classwork, performing arts classes, meals, and rehearsals for students participating in the practicum program.

113.    Deny the allegations in paragraph 113.

114.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.    Deny the allegations in paragraph 115, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cheng's math skills and homework assignments; and admit that students at the Academy were offered, among other things, courses in algebra, science, Chinese history and language, and English language.

116.    Deny the allegations in paragraph 116, except lack knowledge or information sufficient to form a belief as to the truth of the purported acts of Cheng's instructor.

117.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, except admit that students have at least one day off per week, during which they can go home to visit with family or take free shuttles to nearby towns for shopping, restaurants, or other leisurely activities.

17

118.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118, except admit that Master Li, as the volunteer artistic director and spiritual advisor of Shen Yun, participates in casting decisions.

119.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    Deny the allegations in paragraph 120, except lack knowledge or information sufficient to form a belief as to the truth of purported statements by instructors or managers and the amounts of educational stipends received by Cheng.

121.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121, except admit that Cheng voluntarily toured and performed in the United States with Shen Yun.

122.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122, except admit that Cheng toured and performed in South America with Shen Yun.

123.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.    Deny the allegations in paragraph 125, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cheng's beliefs; and admit that student passports are maintained in a safe location to avoid loss or misplacement.

126.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126.

127.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127.

128.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.

129.    Deny the allegations in paragraph 129 relating to Master Li, except lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 129.

130.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    Deny the allegations in paragraph 131, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cheng's purported injuries.

132.    Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    Deny the allegations in paragraph 133.

134.    Deny the allegations in paragraph 134, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the actions of other unidentified individuals and Cheng's purported experiences.

135.    Deny the allegations in paragraph 135, except admit that Cheng's tour group was put on hold.

136.    Deny the allegations in paragraph 136, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cheng's travel; and admit Cheng did not qualify for admission to the College.

137. Deny the allegations in paragraph 137, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cheng's activities.

138. The allegations in paragraph 138 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

139. The allegations in paragraph 139 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

140. The allegations in paragraph 140 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

## <u>COUNT I</u>

### Violation of TVPRA 18 U.S.C. §§ 1589 and 1595 – Forced Labor (Direct Liability)

141. Restate and incorporate by reference the responses to paragraphs 1 through 140.

142. Deny the allegations in paragraph 142.

143. Deny the allegations in paragraph 143.

144. Deny the allegations in paragraph 144.

145. Deny the allegations in paragraph 145.

146. Deny the allegations in paragraph 146.

147. Deny the allegations in paragraph 147.

## <u>COUNT II</u>

### Violation of TVPRA 18 U.S.C. §§ 1589 and 1595 – Forced Labor (Vicarious Liability)

148. Restate and incorporate by reference the responses to paragraphs 1 through 147.

149. Deny the allegations in paragraph 149.

150. Deny the allegations in paragraph 150, except admit that Master Li is the volunteer artistic director and spiritual advisor of Shen Yun.

151.   Deny the allegations in paragraph 151.

152.   Deny the allegations in paragraph 152.

153.   Deny the allegations in paragraph 153.

154.   Deny the allegations in paragraph 154.

155.   Deny the allegations in paragraph 155.

156.   Deny the allegations in paragraph 156.

157.   Deny the allegations in paragraph 157.

## COUNT III

**Violation of TVPRA 18 U.S.C. §§ 1589 and 1595 – Forced Labor (Beneficiary Liability)**

158.   Restate and incorporate by reference the responses to paragraphs 1 through 157.

159.   Deny the allegations in paragraph 159.

160.   Deny the allegations in paragraph 160.

161.   Deny the allegations in paragraph 161.

162.   Deny the allegations in paragraph 162.

163.   Deny the allegations in paragraph 163.

164.   Deny the allegations in paragraph 164.

## COUNT IV

**Violation of TVPRA 18 U.S.C. §§ 1590 and 1595 – Trafficking (Direct Liability)**

165.   Restate and incorporate by reference the responses to paragraphs 1 through 164.

166.   Deny the allegations in paragraph 166.

167.   Deny the allegations in paragraph 167.

168.   Deny the allegations in paragraph 168.

169.   Deny the allegations in paragraph 169.

## COUNT V

**Violation of TVPRA 18 U.S.C. §§ 1590 and 1595 – Trafficking (Vicarious Liability)**

170.    Restate and incorporate by reference the responses to paragraphs 1 through 169.

171.    Deny the allegations in paragraph 171.

172.    Deny the allegations in paragraph 172.

173.    Deny the allegations in paragraph 173, except admit that Master Li is the volunteer artistic director and spiritual advisor of Shen Yun.

174.    Deny the allegations in paragraph 174.

175.    Deny the allegations in paragraph 175.

176.    Deny the allegations in paragraph 176, except admit that Master Li is the volunteer artistic director and spiritual advisor of Shen Yun.

177.    Deny the allegations in paragraph 177.

178.    Deny the allegations in paragraph 178.

179.    Deny the allegations in paragraph 179.

## COUNT VI

**Violation of TVPRA 18 U.S.C. §§ 1590 and 1595 – Trafficking (Beneficiary Liability)**

180.    Restate and incorporate by reference the responses to paragraphs 1 through 179.

181.    Deny the allegations in paragraph 181.

182.    Deny the allegations in paragraph 182.

183.    Deny the allegations in paragraph 183.

184.    Deny the allegations in paragraph 184.

185.    Deny the allegations in paragraph 185.

## COUNT VII

**Violation of TVPRA 18 U.S.C. §§ 1589, 1590, 1594(a), and 1595 – Attempted Forced Labor and Trafficking**

186.   Restate and incorporate by reference the responses to paragraphs 1 through 185.

187.    Deny the allegations in paragraph 187.

188.   Deny the allegations in paragraph 188.

189.   Deny the allegations in paragraph 189.

190.   Deny the allegations in paragraph 190.

191.   Deny the allegations in paragraph 191.

## COUNT VIII

**Violation of TVPRA 18 U.S.C. §§ 1590 and 1592(a) – Seizure of Documents**

192.   Restate and incorporate by reference the responses to paragraphs 1 through 191.

193.   Deny the allegations in paragraph 193, except admit that consistent with the responsibilities of a boarding school acting *in loco parentis*, students were appropriately supervised and travel documents were secured for safekeeping and returned upon request.

194.   Deny the allegations in paragraph 194.

195.   Deny the allegations in paragraph 195.

## COUNT IX

**Violation of TVPRA 18 U.S.C. §§ 1589, 1590, 1592, 1594, and 1595 – Conspiracy**

196.   Restate and incorporate by reference the responses to paragraphs 1 through 195.

197.   The allegations in paragraph 197 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

198.   Deny the allegations in paragraph 198.

199.   Deny the allegations in paragraph 199.

200.   Deny the allegations in paragraph 200.

23

201.    Deny the allegations in paragraph 201.

202.    Deny the allegations in paragraph 202.

203.    Deny the allegations in paragraph 203.

204.    Deny the allegations in paragraph 204.

## **PRAYER FOR RELIEF**

The Li Defendants deny that Plaintiffs are entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Without undertaking any burden of proof not otherwise assigned to them by law, the Answering Defendants assert the following affirmative defenses to the claims Plaintiffs purport to assert in the Complaint and reserve the right to amend or supplement this Answer to assert other and further defenses as discovery proceeds. By designating these affirmative defenses, the Answering Defendants do not assume any burden of proof that they would not otherwise bear.

****

## **FIRST AFFIRMATIVE DEFENSE**
*Failure to State a Claim*

The Complaint fails to state any claim upon which relief can be granted. Among other things and without limitation, plaintiffs do not state all of the elements to establish a TVPRA claim; plaintiffs do not plausibly allege that the Li Defendants knowingly obtained or provided plaintiffs' labor or services through force, threats of force, physical restraint, threats of physical restraint, serious harm, threats of serious harm, or a scheme, plan, or pattern intended to cause plaintiffs to believe they would suffer serious harm or physical restraint if they did not perform labor or services.

## **SECOND AFFIRMATIVE DEFENSE**
*Statute of Limitations*

24

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations. The Complaint alleges conduct beginning in 2008 and 2010 and principally concerning events long before this action was filed in April 2025. To the extent plaintiffs rely on alleged events outside the limitations period, those events are not actionable. The Complaint does not plead any timely TVPRA violation sufficient to revive or preserve otherwise time-barred claims.

## THIRD AFFIRMATIVE DEFENSE
*No Continuing Violation or Equitable Tolling*

Plaintiffs cannot avoid the statute of limitations through theories of continuing-violation, continuing-tort, delayed-accrual, fraudulent-concealment, or equitable tolling. Plaintiffs left Dragon Springs and Shen Yun in or around 2015, and the Amended Complaint does not plausibly allege that any Defendant prevented either Plaintiff from timely filing suit.

## FOURTH AFFIRMATIVE DEFENSE
*Ministerial Exception and Religious Autonomy*

Plaintiffs' claims are barred, in whole or in part, by the First Amendment's ministerial exception, religious-autonomy doctrine, church-autonomy doctrine, ecclesiastical-abstention doctrine, and related constitutional protections. Plaintiffs' claims seek judicial scrutiny of religious formation, religious discipline, religious education, religious performance, religious messaging, religious codes of conduct, and the relationship between religious organizations and persons participating in their ministry.

## FIFTH AFFIRMATIVE DEFENSE
*Free Exercise, Free Speech, Association, and RFRA*

Plaintiffs' claims are barred, limited, or subject to strict scrutiny under the First Amendment's Free Exercise, Free Speech, and freedom-of-association protections and, to the extent applicable, the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq*. Plaintiffs

25

would substantially burden religious exercise and religious expression by characterizing religious education, discipline, performance, and missionary activity as trafficking.

### SIXTH AFFIRMATIVE DEFENSE
*Voluntary Participation, Parental Enrollment, and Consent*

Plaintiffs voluntarily sought admission to and participated in the Academy, College, and Shen Yun. Plaintiffs and/or their parents pursued plaintiffs' auditions, enrollment, training, and performances. Plaintiffs' participation in rigorous religious and performing-arts education and performance was not forced labor or trafficking.

### SEVENTH AFFIRMATIVE DEFENSE
*No Serious Harm or Threats under the TVPRA*

The alleged conditions, rules, spiritual teachings, performance standards, discipline, travel logistics, and school protocols do not constitute "serious harm," threats of serious harm, force, threats of force, physical restraint, or threats of physical restraint within the meaning of 18 U.S.C. § 1589.

### EIGHTH AFFIRMATIVE DEFENSE
*No Knowing or Intentional TVPRA Violation*

The Li Defendants did not knowingly or intentionally violate the TVPRA. They acted, at all relevant times, for legitimate educational, religious, artistic, safety, and logistical reasons.

### NINTH AFFIRMATIVE DEFENSE
*No Trafficking with Respect to Forced Labor*

Plaintiffs were not recruited, harbored, transported, provided, or obtained for forced labor within the meaning of 18 U.S.C. § 1590. Plaintiffs and their parents sought educational and performance opportunities, and their travel and participation were not trafficking.

### TENTH AFFIRMATIVE DEFENSE
*Unconstitutionally Vague*

26

As applied to the religious faith, institutions, relationships, and conduct at issue, the Trafficking Victims Protection Reauthorization Act is unconstitutionally vague and overbroad and violates the Due Process Clause of the Fifth Amendment; Plaintiffs' construction of the statute would render it unconstitutional as applied to the Answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE
*No Vicarious Liability, Agency Liability, or Alter Ego*

No Li Defendant is liable for the alleged acts or omissions of any other Defendant under any theory of vicarious liability, agency, apparent agency, alter ego, reverse veil piercing, single integrated enterprise, joint venture, joint employer, or conspiracy.

## TWELFTH AFFIRMATIVE DEFENSE
*No Beneficiary Liability*

The Li Defendants did not knowingly benefit from participation in a venture that they knew or should have known engaged in forced labor, trafficking, document seizure, attempt, or conspiracy in violation of the TVPRA.

## THIRTEENTH AFFIRMATIVE DEFENSE
*No Civil Liability for Attempts or Conspiracy as Pleaded*

Plaintiffs' attempt and conspiracy theories fail because the TVPRA did not create the civil liability plaintiffs assert for the relevant time periods and, in any event, the Complaint does not plausibly plead an agreement, specific intent, substantial step, overt act, or actionable underlying TVPRA violation.

## FOURTEENTH AFFIRMATIVE DEFENSE
*Rule 8 and Impermissible Group Pleading*

The Complaint fails to satisfy Rule 8 because it improperly lumps Defendants together, relies on conclusory assertions and pejorative labels, and does not provide fair notice of what each Li Defendant allegedly did to each plaintiff during each relevant limitations period.

## FIFTEENTH AFFIRMATIVE DEFENSE
*No "But-For" or Proximate Causation*

Plaintiffs' alleged injuries and damages were not proximately caused by any unlawful act or omission, or violation of the TVPRA, by the Li Defendants. Any alleged injury was caused by other persons, events, circumstances, preexisting conditions, intervening causes, superseding causes, or plaintiffs' (or their parents or guardians) own choices. The plaintiffs cannot establish that any alleged injury was proximately caused by a violation of the TVPRA.

## SIXTEENTH AFFIRMATIVE DEFENSE
*Failure to Mitigate Damage*

Plaintiffs' claimed damages, if any, are barred or reduced because Plaintiffs failed to take reasonable steps to avoid, reduce, or mitigate their alleged damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
*Setoff, Credit, and Offset*

Any monetary recovery must be reduced by all amounts paid to or for Plaintiffs, including stipends, payments, travel, housing, food, education, training, medical or other benefits, and any other consideration or benefit Plaintiffs received.

## EIGHTEENTH AFFIRMATIVE DEFENSE
*Punitive Damages Unavailable or Unwarranted*

Plaintiffs are not entitled to punitive damages because the Li Defendants did not act maliciously, willfully, wantonly, recklessly, oppressively, fraudulently, or with the level of culpability required for punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE
*Attorneys' Fees and Costs, and Equitable Relief Unavailable*

Plaintiffs are not entitled to restitution, attorneys' fees, costs, or equitable relief except as expressly authorized by statute and proven by competent evidence. Plaintiffs have not pleaded facts supporting any such relief.

## TWENTIETH AFFIRMATIVE DEFENSE
*Laches, Waiver, Estoppel, and Unclean Hands as to Equitable Relief*

Plaintiffs' equitable claims and requests for equitable relief are barred or limited by laches, waiver, estoppel, and/or unclean hands based on plaintiffs' delay and conduct after leaving Dragon Springs and Shen Yun.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
*No Retroactive Application or Revival of Claims*

Plaintiffs' claims are barred or limited to the extent they depend on statutory provisions, civil remedies, limitations periods, or theories of liability enacted after the alleged conduct occurred. The Li Defendants deny that later-enacted amendments to the TVPRA apply retroactively or revive claims that were not actionable, had not accrued, or were already time-barred under the law in effect at the relevant time.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
*No Extraterritorial Liability*

Plaintiffs' claims are barred or limited to the extent they seek recovery for alleged conduct occurring outside the United States. Plaintiffs may not recover for foreign conduct except to the extent the TVPRA validly applies extraterritorially and all statutory requirements for such application are satisfied.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
*No Article III Standing or Entity-Specific Injury*

29

Plaintiffs lack standing, or cannot recover against one or more Li Defendants to the extent they cannot establish a concrete and particularized injury fairly traceable to that Defendant's own alleged conduct and redressable by relief against that Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
*No Actionable Labor or Services*

The activities alleged in the Complaint were educational, religious, artistic, training-related, school-related, volunteer, incidental, or practicum-related activities, and were not labor or services obtained by any Li Defendant through force, threats, physical restraint, serious harm, threatened serious harm, abuse or threatened abuse of law or process, or any unlawful scheme, plan, or pattern within the meaning of the TVPRA.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
*Comparative Fault*

Any injury was caused, in whole or in part, by the comparative fault or culpable conduct of Plaintiffs or of third parties over whom the Li Defendants had no control.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
*Unclean Hands*

Plaintiffs' claims are barred, in whole or in part, by unclean hands, *in pari delicto*, and/or because the action is brought for an improper purpose, pending discovery into the source, control, and funding of this litigation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
*TVPRA Does Not Reach Familial and In Loco Parentis Relationships*

Plaintiffs' claims are barred in whole or in part because Congress did not intend the TVPRA to apply to alleged conduct arising within familial, religious, educational, custodial, and *in loco parentis* relationships. The statute was enacted to combat serious trafficking and forced labor, not to impose liability for the good faith exercise of parental and analogous authority over minors

entrusted to others' care by their own parents and guardians, including the ordinary discipline, supervision, and structure inherent in religious arts, education, training and performances.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
*Good Faith and Absence of Requisite Scienter*

Plaintiffs' claims are barred in whole or in part because the Li Defendants at all relevant times acted in good faith and without the knowledge, intent, or state of mind required to establish liability under 18 U.S.C. §§ 1589, 1590, 1592, 1594, and 1595. The Li Defendants did not knowingly provide, obtain, recruit, harbor, or transport any person for forced labor, and did not knowingly benefit from participation in any venture that they knew or should have known was engaged in conduct prohibited by the TVPRA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
*Activities Alleged Are Not "Labor or Services" within the TVPRA*

Plaintiffs' claims are barred in whole or in part because the activities at issue, including religious education, artistic and academic instruction, dance and performance training, and voluntary participation in cultural performances, do not constitute "labor or services" obtained by prohibited means within the meaning of 18 U.S.C. §§ 1589 and 1590. Bona fide education, religious and vocational training, artistic development, and related performances fall outside conduct prohibited by the TVPRA.

## THIRTIETH AFFIRMATIVE DEFENSE
*Reservation of Rights*

The Li Defendants reserve the right to assert additional defenses revealed through discovery, including those relating to third-party litigation funding and the real party in interest.

\*\*\*

31

WHEREFORE, the Li Defendants respectfully request judgment in their favor, along with such other relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

The Li Defendants demand a trial by jury on all issues so triable.

Dated: June 29, 2026                                    Respectfully submitted,

                                                        /s/  *John F. Lauro*
                                                        John F. Lauro, Esq.
                                                        jlauro@laurosinger.com
                                                        Justin F. Song, Esq.
                                                        jsong@laurosinger.com
                                                        LAURO & SINGER
                                                        1330 Avenue of the Americas, 23rd Floor
                                                        New York, NY 10022
                                                        (813) 222-8990

                                                        Terri Marsh
                                                        Executive Director
                                                        Human Rights Legal Foundation
                                                        1333 New Hampshire Ave., NW
                                                        Suite #200
                                                        terri.marsh.hrlf@gmail.com
                                                        (202) 774-0893

                                                        *Attorneys for Defendants Mr. Hongzhi Li and Mrs. Sandy Li*