# SMS
STEVEN M SCHNEEBAUM PC

202.742.5900 o. | 202.449.3835 f. | 202.744.3838 c.
www.smslawdc.com | sms@smslawdc.com
1750 K Street NW #1210, Washington, DC

> Application denied. Upon review of the Parties' respective letters (Doc. 69 and Doc. 74), Defendants have not made a showing sufficient to satisfy the standard for relatedness under Rule 13 of the Rules for the Division of Business Among District Judges.
>
> SO ORDERED.
>
> /s/ Philip M. Halpern
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> May 13, 2025

Hon. Philip M. Halpern, United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Hon. Jessica G.L. Clarke, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Chang et al. v. Shen Yun Performing Arts, Inc.*, et al., Case No. 7:24-cv-8980 (PMH)
*Sun et al. v. Shen Yun Performing Arts, Inc.*, et al., Case No. 7:25-cv-3185 (JGLC)

May 7, 2025

Dear Judges Halpern and Clarke:

We represent all of the Defendants (except the International Bank of Chicago) the first above-captioned case, and all of the Defendants in the second. I am writing, pursuant to Local Rule 1.6 of the Civil Rules of the Southern District of New York, and Rule 13 of the Rules for Division of Business (RDB), to inform Your Honors that these two cases are "related," as that term is defined by RDB Rule 13(a)(1).

Both cases are brought on behalf of former dancers and/or performers with Shen Yun Performing Arts. The two Complaints (the Second Amended Complaint, in the *Chang* case) concern similar parties or events, and the factual allegations substantially overlap. Were the cases not deemed "related," there is a serious risk that the parties could be subjected to conflicting orders, and there would be a significant duplication of effort and expense required of the parties and the Court.

Moreover, in the *Chang* case, Plaintiffs make class action allegations. No motion for certification under Federal Rule 23 has yet been made, and if and when such a motion is made it will be vigorously opposed. But were a class-certification motion granted by the Court, the Plaintiffs in the *Sun* case would be members of the *Chang* class.

We therefore respectfully request that the *Sun* case be transferred to Judge Halpern, who has been assigned to hear *Chang*, the case with the lower docket number.

We thank both of you for your attention to this matter.

Yours sincerely,

Steven M. Schneebaum
Counsel for Defendants
(Admitted *pro hac vice* in *Chang*)

Cc: All counsel of record, through ECF